**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
00 MAR 14 AM 11:44
ALBUQUERQUE

**MARCO LOPEZ,**

**Plaintiff,**

**v.**

**No. CIV-**
**JURY TRIAL DEMANDED**

**CORRECTIONS CORPORATION OF AMERICA d/b/a TORRANCECOUNTY CORRECTIONAL FACILITY; COUNTY OF TORRANCE.**

CIV 00 0366

**Defendants.**

**COMPLAINT**

DON J. SVET

This action arises under the Constitution of the United States, particularly the Fourteenth Amendment to the United States Constitution and under the laws of the United States, particularly the Civil Rights Title 42 U.S.C. §§ 1983 and 1988.

**I. Jurisdictional Allegations**

1. Jurisdiction of this Court is proper and invoked under the provision of Title 28 U.S.C. §1331 and 1343.

2. Venue is proper in the New Mexico District because it is Plaintiff's place of residence at all times material and the place Defendants had a cognitive legal presence and when the events complained of occurred.

**II. Parties**

3. Plaintiff realleges paragraphs 1 and 2 of the jurisdictional allegations as fully set forth herein.

4. Plaintiff Marco Lopez is and was at all times material a citizen of the United States of America and a resident of the State of New Mexico.

5. Corrections Corporation of America is, upon information and belief, a Tennessee Corporation doing sufficient business in New Mexico as the Torrance County Detention Facility to confer jurisdiction on this Court. Alternatively, jurisdiction is proper under the derivative jurisdiction vested in this Court over citizens of foreign states.

6. Defendant Torrance County is a body corporate and politic organized under the laws of New Mexico.

7. Corrections Corporation of America and Torrance County are sued jointly and severally.

**III. Facts Giving Rise to the Complaint**

8. Plaintiff realleges Counts 1 through 7 as fully set forth herein.

9. The acts complained of by Plaintiff occurred while confined against his will as a pre adjudication prisoner of Lincoln County, New Mexico, the Torrance County, New Mexico Detention Facility (hereinafter TCDF) owned, and operated by Defendant Corrections Corporation of America (hereinafter CCA).

10. Upon information and belief, Torrance County has a contractual obligation to ensure the TCDF is operated in a safe and secure manner in compliance with all standard codes and regulations including but not limited to United States and State law; applicable federal state and local codes, the accreditation standards established by the American Correctional Institute for TCDF and local codes, laws and regulations in order to provide an environment wherein prisoners are safe from assault by other prisoners.

11. Defendants Torrance County and CCA have constitutionally failed to meet minimum standards for staffing, staff training and maintaining the TCDF and have been deliberately indifferent to the safety needs of the inmates confined at TCDF.

12. Further, Defendants Torrance County and CCA have established a custom and practice of routinely accepting inmates from other local state and federal prisons who have a known propensity for violence and disruption of those systems to which they were originally committed in. Such practice by Defendants is designed to maximize profits while failing to protect pre adjudicatory prisoners.

13. Prior to August 17, 1999 Plaintiff and other members of the prison population and staff brought to Defendant CCA's attention that the security device on one or more control doors, including the door between the gymnasium and exercise yard were inoperable and there was no way to secure the interior of the building from inmates in the yard.

14. On or about August 17, 1999 Plaintiff was acting in his assigned capacity as a prison porter in the TCDF facility.

15. That date, approximately forty five (45) inmates including federal inmates under charges of the federal death penalty statutes were in the south yard at a time when only one correctional officer was available to supervise the inmates.

16. The inmates in the south yard were able to gain access to the interior of the facility through the door or doors, which contained the inoperable locking devises. Once inside, said inmates assaulted various employees and inmates, including Plaintiff, who intervened to protect the life of a guard who was being assaulted by the rioting inmates.

17. Upon information and belief, the riot on August 17, 1999 was part of a well planned escape attempt instigated by one or more of the federal defendants, and was known to Defendants who had done nothing to prevent the incident, including repair of the inoperable door, provision of adequately trained staff, locking down the institution or otherwise controlling inmate movement in the facility.

18. In addition, on the date of the riot, the inmates were not fed on schedule and CCA knew or should have known such violation of the regulations and routine of the institution only served to escalate an already violent situation.

**IIII. First Cause of Action**

**(Corrections Corporation of America and Torrance County)**

19. Plaintiff realleges counts 1 through 19 as fully set forth herein.

20. As a result of Defendants' deliberate indifference by failing to provide reasonably safe facilities and adequately trained staff to maintain his personal security, Plaintiff's constitutional rights guaranteed by the Fourteenth Amendment as a pre adjudication prisoner were violated when he went to the defense of a civilian guard and was, in turn, attacked and injured by the rioting inmates.

21. The acts alleged were the direct result of the deliberate indifference of Defendants to known deficiencies in the staffing, staff training, maintenance and repair of a secure correctional facility and resulted in an excessive risk to the safety and well being of Plaintiff and other prisoners with the knowledge and consent of Defendants.

22. Each of these Defendants and their agents acted in concert with one another, and under color of law in their official capacities.

23. Defendants acts were willful, deliberate, knowing and in concert and done with the intent or effect of subjecting Plaintiff to cruel and unusual punishment in violation of rights guaranteed under the United States Constitution and 42 U.S. C. §1983 and 1988. As such, Plaintiff is entitled to further relief in the form of punitive damages to deter similar conduct by these Defendants.

WHEREFORE, Plaintiff requests judgment against Defendants and each of them for:

1. One million dollars ($1,000,000.00) as compensatory damages;

2. Three million dollars ($3,000,000.00) as punitive damages;

3. Reasonable costs and attorney fees;

4. and for such other and further relief as the Court deems appropriate in the premises.

## IV. Second Cause of Action

## (Deliberate Infliction of Injury)

24. Plaintiff realleges counts 1 through 23 as fully set forth herein.

25. Plaintiff suffered painful injuries to his head and neck which required medical treatment and continues to require such treatment.

26. Plaintiff's injuries while attempting to protect an injured staff member and his his own safety were the direct result of the deliberate indifference of Defendants to known deficiencies in the staffing, staff training, maintenance and repair of a secure correctional facility and resulted in excessive risk of harm to the safety and well being of Plaintiff and similar prisoners.

WHEREFORE, Plaintiff requests judgment against Defendants and each of them for:

1. One million dollars ($1,000,000.00) as compensatory damages;

2. Three million dollars ($3,000,000.00) as punitive damages;

3. Reasonable costs and attorney fees;

4. and for such other and further relief as the Court deems appropriate in the premises.

## V. Third Cause of Action
## Negligent Injury

27. Plaintiff realleges paragraphs 1 through 26 as fully set forth herein.

28. If the acts of Defendants were not deliberate, Plaintiff's injuries were a result of negligence in adequately maintaining a secure detention facility, including provisions of adequate and trained staff. As such, the provisions of the New Mexico Tort Claims Act have been invoked to the extent Defendant Torrance County claims sovereign immunity.

27. As such, a claim against Torrance County is cognizable under the New Mexico Tort Claims Act as a pendent state claim to address to the claims set forth.

WHEREFORE, Plaintiff requests judgment against Torrance County for:

1. Two hundred fifty thousand dollars ($250,000.00) in compensatory damages;

2. Reasonable costs and attorney fees;

3. and for such other and further relief as the Court deems appropriate in the premises.

RESPECTFULLY SUBMITTED:

J. Robert Beauvais
PO Box 2408
Ruidoso, NM 88345
(505) 257-6321

Verification

Marco Lopez, being duly sworn upon his oath, states that he has read the foregoing pleading and the statements therein are true and correct to the best of his knowledge, information and belief.

Marco Lopez

Marco Lopez

County of Lincoln )
)ss.
State of New Mexico )

SUBSCRIBED AND SWORN to before me this 6th day of March, ~~1999~~ 2000 by Marco Lopez.

Sara D. Sherk

Notary Public

My Commission Expires:

June 9, 2003