# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**MARCO LOPEZ,**

        Plaintiff,

        v.                                             **CIVIL NO. 00-366 DJS/LCS**

**CORRECTIONS CORPORATION OF AMERICA,**
**INC., d/b/a Torrance County Detention Center,**
**COUNTY OF TORRANCE.**

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss filed May 19, 2000 (Docket No. 10). Pursuant to 28 U.S.C. 636(c), Fed.R.Civ.P. 73, and the parties' consent (Docket Nos. 4,9) this case has been assigned to a Magistrate Judge for final disposition.

Plaintiff has brought this action for damages pursuant to 42 U.S.C. §1983 and §1988 along with a pendant state tort claim for negligence. Plaintiff asserts that he was subjected to cruel and unusual punishment and injured while a pre-trial detainee at the Torrance County Correctional Facility. Plaintiff further contends that Defendants failed in their obligation to provide adequately trained staff, sufficient staff, or an adequately maintained facility to provide a safe environment for him or other prisoners. Plaintiff asserts that Defendants committed negligence when they failed in their duty to afford a safe facility due to inadequate staffing, training, and maintenance of the prison.

Defendants move to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). They argue that Plaintiff fails to state claims under 42 U.S.C. §§1983 and 1988. In addition, Defendants assert that Plaintiff has failed to comply with the notice provisions of the New Mexico Tort Claims Act.

**FACTUAL BACKGROUND**

Plaintiff asserts that he was incarcerated at the Torrance County Detention Center (Detention Center) during a riot which occurred on August 17, 1999. Plaintiff states that he was injured trying to protect a jail staff member from other prisoners who were rioting. Plaintiff asserts that Defendants failed to provide reasonably safe facilities and that they had a custom and practice of accepting inmates from other institutions with known propensities for violence and disruption of those institutions. Plaintiff further asserts that Defendants failed to meet minimum standards in staffing and training of their staff and that one or more security devices on control doors were inoperable. Plaintiff also contends that he and other prisoners informed Defendants of the inoperable security devices on the doors but they were not repaired.

On August 17, 1999, forty-five prisoners in the yard of the Torrance County Detention Facility were under supervision of one correctional officer. As alleged in the complaint, the prisoners were able to gain access to the interior of the facility through the doors with the inoperable locking devices and assaulted various prison employees and inmates, including Plaintiff. Plaintiff asserts that the prisoners were not fed on schedule on that date, which escalated the violence of the situation. Plaintiff alleges that Defendant Torrance County has a contractual obligation to ensure that the facility is operated in a safe and secure manner and that Defendant CCA owns and operates the facility.

**LEGAL STANDARD**

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Moreover, in passing on a motion to dismiss, the allegations of the complaint must be construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "It is well-established, however, that in determining whether to grant a motion to dismiss, the district court...[is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995) (citing Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir.1993) (in reviewing an order granting a motion to dismiss, a court of appeals "confin[es] [its] review to the allegations of the complaint")).

**§1983 CLAIMS**

Defendants assert that Plaintiff fails to state a claim against Corrections Corporation of America, Inc. (CCA) or Torrance County because he fails to allege any personal involvement by CCA or the County in the alleged constitutional violation. Defendants also assert that Plaintiff fails to state a cognizable constitutional claim because the Eighth Amendment does not apply to pre-trial detainees. Defendants further argue that Plaintiff fails to state a substantive or procedural Due Process claim.

Under the Fourteenth Amendment's Due Process clause, pretrial detainees are entitled to the same degree of protection regarding medical attention as that afforded to convicted inmates under the Eighth Amendment. Barrie v. Grand County, Utah, 119 F.3d 862, 866 (10th Cir. 1997). Further, the Supreme Court has held that "the due process rights of a [pretrial detainee] are at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Massachusetts Gen. Hospital, 463 U.S. 239 (1983). In order to prevail on an Eighth Amendment claim against a warden for injuries caused by another inmate, a prisoner must show that the prison

official acted with "deliberate indifference" to his health and safety. Lopez v. LeMaster, 172 F.3d 756, 760 (10th Cir. 1999). Because the deliberate indifference standard has been applied to pre-trial detainees by the 10th Circuit Court of Appeals in Barrie, *supra* and because the Due Process rights of pre-trial detainees are as great as the Eighth Amendment protections afforded convicted prisoners, it is no judicial stretch to apply the deliberate indifference standard in the context of prison condition claim by a pre-trial detainee alleging unreasonably dangerous conditions and a substantial risk of harm from other inmates. See Id. at 759, fn. 2. The Court will look to the Eighth Amendment standard for jail conditions constituting cruel and unusual punishment in order to ascertain what constitutes deliberate indifference in this context.

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 832-34 (1994). "[H]aving stripped [inmates] of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." Id. at 834. Being violently assaulted in prison is not "part of the penalty that criminal offenders pay for their offenses against society." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347(1981)); See also Ramos v. Lamm, 639 F.2d 559, 572 (10th Cir.1980). However, every injury inflicted by one inmate on another does not constitute a violation of the Eighth Amendment prohibition of cruel and unusual punishment. Farmer, 511 U.S. at 834. In Farmer, the Supreme Court stated:

> "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

Id. at 837. Neither prison officials nor municipalities can absolutely guarantee the safety of their

prisoners. <u>See</u> <u>Berry v. City of Muskogee</u>, 900 F.2d 1489, 1499 (10th Cir.1990). They are, however, responsible for taking reasonable measures to insure the safety of inmates. <u>See</u> <u>Id.</u>

With regard to Count I of the complaint, which alleges a §1983 Constitutional violation for deprivation of Due Process due to deliberate indifference to prisoner safety, Defendants motion to dismiss should be denied. To succeed on a complaint under §1983, Plaintiff must allege some personal involvement by each defendant in the constitutional violation. <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1441 (10th Cir.1996). Here, Plaintiff alleges that both he and other prisoners and staff notified Defendants of the inoperable security devices on control doors.

More importantly, in the governmental liability context deliberate indifference is an objective standard which is satisfied if the risk is so obvious that the governmental entity should have known of it. <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1308 n. 5 (10th Cir.1998); <u>Farmer</u>, 511 U.S. at 840-42 (discussing <u>City of Canton v. Harris</u>, 489 U.S. 378 (1989)). A governmental entity cannot absolutely guarantee the safety of those it incarcerates. Nevertheless, governmental entities have a constitutional duty to take reasonable steps to protect a prisoner's safety and bodily integrity. <u>See</u> <u>Berry</u>, 900 F.2d at 1499. For a governmental entity to be liable under §1983, "it must have caused the harm through the execution of its own policy or custom by those whose edicts or acts may fairly be said to represent official policy." <u>Meade</u>, 841 F.2d at 1529. By focusing on a policy or custom, the Court ensures that the governmental entity "is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the [governmental entity]." <u>Board of County Commissioners v. Brown</u>, 520 U.S. 397, 403-404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Thus, to hold a governmental entity liable under §1983, a plaintiff must establish that (1) he has been deprived of a constitutionally protected right,

and (2) that a governmental policy or custom was the moving force behind the constitutional deprivation. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Myers v. Oklahoma County Board of County Commissioners, 151 F.3d 1313, 1317 (10th Cir.1998).

In order to state a claim for liability under the Due Process clause due to inadequate training or staffing, Plaintiff must establish that Defendants were aware of and disregarded an excessive risk to inmate health or safety by failing to take reasonable measures to abate the risk. Lopez, 172 F.3d at 761. Plaintiff must also identify a specific deficiency in Defendants' training program closely related to his ultimate injury and must prove that the deficiency in training actually caused jail personnel to act with deliberate indifference. Id. at 760.

Given the liberal standards of notice pleading and the fact that all inferences must be drawn in Plaintiff's favor, Defendants' motion to dismiss cannot be granted. Plaintiff's allegations of notice and the obviousness of the risk from unsupervised prisoners, unsecured doors, and mixing dangerous prisoners, some facing the death penalty, with the general population could lead to relief pursuant to 42 U.S.C. §1983 if proven. Defendants' assertion that Plaintiff has not alleged sufficient personal involvement does not focus upon the correct question of whether a policy or custom of the governmental entity caused the constitutional deprivation which he claims.

**NEGLIGENCE**

Plaintiff asserts a claim (Count III of the Complaint) for negligence against Defendant Torrance County pursuant to New Mexico law. Defendants contend that the claim must be dismissed because Plaintiff has not asserted a provision in the New Mexico Tort Claims Act constituting a waiver of immunity. Defendants urge that Plaintiff does not allege and cannot show that Torrance County owned, operated or maintained the facility where he was injured. They further argue that no

other provision of the Act waives the County's governmental immunity. In addition, Defendants

assert that Plaintiff failed to timely provide notice of his claim pursuant to the New Mexico Tort

Claims Act and his claim is therefore waived.

Plaintiff responds that he has stated a valid claim pursuant to the New Mexico Tort Claims

Act, citing McDermit v. Corrections Corp. of America, 814 P.2d 115 (N.M.Ct.App. 1991). NMSA

1978 §41-4-12 states:

> "The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties."

The Court in McDermit held that a claim could be stated under New Mexico law based upon an

allegation that negligent training and supervision caused subordinates to deprive a plaintiff of rights

secured by federal or state law. McDermit, 814 P.2d at 116. Further, correctional officers are law

enforcement personnel for the purposes of the Act. Methola v. County of Eddy, 622 P.2d 234, 237

(NM, 1980). The Court agrees that, given the allegations in the complaint and drawing all inferences

in Plaintiff's favor, Plaintiff could prove a set of facts entitling him to relief pursuant to the New

Mexico Tort Claims Act.

In response to Defendants' Motion to Dismiss, Plaintiff asserts that he timely filed his Tort

Claim Notice on September 17, 1999 and purports to attach a copy of that notice to his brief in

response. However, no such exhibit was filed. In their Reply in support of the Motion to Dismiss,

Defendants state that they acknowledge that Plaintiff may be able to amend the complaint to assert

facts sufficient to state that notice was provided. The Court will provide Plaintiff with an opportunity

to so amend his complaint. Count III of the Complaint will be dismissed without prejudice to Plaintiff filing an amended complaint within twenty days of the entry of this Memorandum Opinion and Order which contains sufficient factual allegations to satisfy the notice provisions of the New Mexico Tort Claims Act.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss is granted in part. Count III of the Complaint is hereby dismissed without prejudice to Plaintiff filing an amended complaint within twenty days reasserting the claim.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**

J. Robert Beauvais, Esq.
Steven K. Sanders, Esq.
Counsel for Plaintiff

Tila F. Hoffman, Esq.
Counsel for Defendants