UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARCO LOPEZ,**

      Plaintiff,

      v.                                           **CIVIL NO. 00-366 DJS/LCS**

**CORRECTIONS CORPORATION OF AMERICA,
INC., d/b/a Torrance County Detention Center,
COUNTY OF TORRANCE.**

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant Torrance County's Motion to Dismiss filed July 12, 2000 (Docket No. 25). Pursuant to 28 U.S.C. 636(c), Fed.R.Civ.P. 73, and the parties' consent (Docket Nos. 4,9) this case has been assigned to a Magistrate Judge for final disposition.

Plaintiff has brought this action for damages pursuant to 42 U.S.C. §1983 and §1988 along with a pendant state tort claim for negligence. Plaintiff asserts that he was subjected to cruel and unusual punishment and injured while a pre-trial detainee at the Torrance County Correctional Facility. Plaintiff further contends that Defendants failed in their obligation to provide adequately trained staff, sufficient staff, or an adequately maintained facility to provide a safe environment for him or other prisoners. Plaintiff asserts that Defendants committed negligence when they failed in

1

their duty to afford a safe facility due to inadequate staffing, training, and maintenance of the prison.

Defendant Torrance County moves to dismiss Plaintiff's claim pursuant to the New Mexico Tort Claims Act pursuant to Fed.R.Civ.P. 12(b)(6). The County contends that Plaintiff's Amended Complaint fails to state a claim under the Act.

### FACTUAL BACKGROUND

Plaintiff asserts that he was incarcerated at the Torrance County Detention Center (Detention Center) during a riot which occurred on August 17, 1999. Plaintiff states that he was injured trying to protect a jail staff member from other prisoners who were rioting. Plaintiff asserts that Defendants failed to provide reasonably safe facilities and that they had a custom and practice of accepting inmates from other institutions with known propensities for violence and disruption of those institutions. Plaintiff further asserts that Defendants failed to meet minimum standards in staffing and training of their staff and that one or more security devices on control doors were inoperable. Plaintiff also contends that he and other prisoners informed Defendants of the inoperable security devices on the doors but they were not repaired.

On August 17, 1999, forty-five prisoners in the yard of the Torrance County Detention Facility were under supervision of one correctional officer. As alleged in the complaint, the prisoners were able to gain access to the interior of the facility through the doors with the inoperable locking devices and assaulted various prison employees and inmates, including Plaintiff. Plaintiff asserts that the prisoners were not fed on schedule on that date, which escalated the violence of the situation. Plaintiff alleges that Defendant Torrance County has a contractual obligation to ensure that the facility is operated in a safe and secure manner and that Defendant CCA owns and operates the facility.

### LEGAL STANDARD

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Moreover, in passing on a motion to dismiss, the allegations of the complaint must be construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "It is well-established, however, that in determining whether to grant a motion to dismiss, the district court...[is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995) (citing Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir.1993) (in reviewing an order granting a motion to dismiss, a court of appeals "confin[es] [its] review to the allegations of the complaint")).

Count III of the Complaint asserts a claim for negligence against Defendant Torrance County pursuant to New Mexico law. Defendant Torrance County contends that the claim must be dismissed because Plaintiff does not allege and cannot show that the County owned, operated or maintained the facility where he was injured. Defendant Torrance County further notes that Plaintiff asserts in his First Amended Complaint that the facility is owned and operated by Defendant CCA. However, Plaintiff also asserts that Torrance County has a contractual obligation to ensure that the Torrance County Detention Facility is operated in a safe and secure manner and in compliance with the law and various codes, standards and regulations. Plaintiff's First Amended Complaint, ¶10.

Defendant Torrance County does not address Plaintiff's allegation regarding its contractual obligation toward the Detention Facility. Further, although Defendant asserts that Plaintiff fails to state a claim under NMSA 1978 §41-4-12 because it does not own or operate the facility, Defendant does not explain how that statute addresses *respondeat superior* or questions of privity. Vicarious liability against a county defendant may be established pursuant to the New Mexico Tort Claims Act
3

even where direct supervision is not exercised. California First Bank v. New Mexico, 801 P.2d 646, 652-52 (N.M. S.Ct. 1990); see also Ford v. New Mexico Dept. of Public Safety, 891 P.2d 546, 552 (N.M. Ct.App. 1994) (Liability of Department of Public Safety waived only to the extent that it is liable under the principles of *respondeat superior*) . Given Plaintiff's allegation of a contractual obligation between Torrance County and Defendant CCA and the lack of support for the County's argument that it has no connection to the other Defendant and no control over the Detention Facility, the instant motion to dismiss cannot be granted. Defendant Torrance County may be able to support its assertions in a motion for summary judgment, but it cannot succeed on the basis of mere argument in the face of New Mexico case law regarding liability under the state Tort Claims Act and Plaintiff's allegations in the complaint.

**IT IS THEREFORE ORDERED** that Defendant Torrance County's Motion to Dismiss is denied.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**

J. Robert Beauvais, Esq.
Steven K. Sanders, Esq.
Counsel for Plaintiff

Tila F. Hoffman, Esq.
Counsel for Defendants